IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-269-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LAWRENCE MCNEILL, | ) | |
| | ) | |
| Defendant. | ) | |

On June 13, 2013, pursuant to a written plea agreement, Lawrence McNeill ("McNeill") pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base (crack). See [D.E. 51, 52, 93]. On May 16, 2014, the court held McNeill's sentencing hearing. See [D.E. 80, 86, 94]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 67]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 94] 4–6. The court calculated McNeill's total offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to 365 months' imprisonment. See Sentencing Tr. at 4–5. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McNeill to 222 months' imprisonment. See id. at 12–20. McNeill appealed. On January 7, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. McNeill, 589 F. App'x 128, 128–29 (4th Cir. 2014) (per curiam) (unpublished).

On February 18, 2016, McNeill moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 103]. McNeill's new advisory guideline range is 240 to 293 months' imprisonment, based on a total offense level of 33 and a

criminal history category of VI. See Resentencing Report. McNeill requests a 179-month sentence. See id.; [D.E. 103]. On March 4, 2016, the government responded. See [D.E. 106].

The court has discretion under Amendment 782 to reduce McNeill's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce McNeill's sentence, the court finds that McNeill engaged in serious criminal behavior involving a large quantity of illegal narcotics. See PSR ¶¶ 10–14. Moreover, McNeill is a recidivist and has convictions for possession of marijuana, sale of cocaine (two counts), possession of stolen goods or property (two counts), larceny, breaking and entering, possession with intent to sell and deliver marijuana, possession with intent to sell and deliver cocaine, assault on a government official or employee, and possession of cocaine. See id. ¶¶ 18–33. Moreover, McNeill has performed poorly on supervision and has little work history. See id. ¶¶ 35, 51–58. Nonetheless, McNeill has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that McNeill received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing McNeill's sentence would threaten public safety in light of his serious

2

criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies McNeill's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES McNeill's motion for reduction of sentence [D.E. 103].

SO ORDERED. This **10** day of July 2018.

/s/ Dever<br>
JAMES C. DEVER III<br>
Chief United States District Judge